UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LARRY WASHINGTON** | **CIVIL ACTION NO. 23-0772** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **TYLER WADE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Larry Washington, a prisoner at Richland Parish Detention Center ("RPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately June 8, 2023, under 42 U.S.C. § 1983. He names the following Defendants: Head Warden Allan Cupp, Assistant Warden Tyler Wade, and Assistant Warden Frink Dear.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that officials at RPDC will not place him in any good-time classes, trustee classes, or other "helpful skill/votex [sic] classes . . . ." [doc. # 1, p. 3]. He alleges that the administration informed him that it would not place him in these classes "due to the time [he has] remaining . . . ." *Id.*

Plaintiff seeks: (1) a transfer "to a D.O.C. facility in [his] region"; (2) "no retaliation" from anyone at RPDC; (3) "to be black balled from" RPDC; and (4) $1,600,000.00.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Classes**

As above, Plaintiff claims that officials will not place him in any good-time classes, trustee classes, or other "helpful skill/votex [sic] classes . . . ." [doc. # 1, p. 3].

First, to the extent Plaintiff claims that any Defendant deprived him of procedural due process, "the loss of the opportunity to earn good-time credits does not constitute a constitutionally cognizable injury." *Rodriguez v. Laflore*, 230 F. App'x 351, 352 (5th Cir. 2007). "The Constitution does not guarantee good time credit for satisfactory behavior while in prison." *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).

Second, Plaintiff does not have a constitutional right to participate in rehabilitation/educational classes, vocational classes, or classes to earn good time. *See McBride v. Powers*, 364 F. App'x 867, 870-71 (5th Cir. 2010) (holding that the plaintiff "failed to state a claim for violation of his equal protection or due process rights, as inmates have no constitutional right to participate in rehabilitative or educational programs while incarcerated."); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that the "loss of the opportunity to earn good-time credits" is a "speculative, collateral consequence[]" of a prison administrative decision and does "not create [a] constitutionally protected liberty interest[]."); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) ("[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners."); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir.

4

1995) (holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits).[3]

Third, Plaintiff does not state a plausible conditions-of-confinement claim. "[T]he lack of a rehabilitative program does not by itself constitute cruel and unusual punishment . . . ."). *Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986).

Accordingly, the Court should dismiss these claims.

### **Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Larry Washington's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

---

[3] *See generally Cobb v. Whittington*, 2016 WL 1019466, at *3 (W.D. La. Feb. 16, 2016), report and recommendation adopted, 2016 WL 1057498 (W.D. La. Mar. 14, 2016) ("While prisoners who are entitled to release on mandatory supervision have a protected liberty interest in previously-earned good-time credits they are not constitutionally entitled to earn such credits.").

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 24th day of July, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge